UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

SELENTHIA WILLIAMS,

    Plaintiff,

v.                                        Case No. 4:04-CV-56

AMERICAN HOMESTEAD                 HON. GORDON J. QUIST
MANAGEMENT, CHESTNUT HILLS
LIMITED PARTNERSHIP, d/b/a
Chestnut Hills Apartments, and
JOHN OOSTERBAAN,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

The Court has before it Plaintiff's motion for summary judgment. The Court initially set the motion for oral argument for March 3, 2005. On January 31, 2005, after Defendants failed to respond within the time set forth in Local Rule 7.2(c), the Court issued an Order directing Defendants to respond by February 7, 2005, and warning Defendants that if they failed to respond by that time, the Court would cancel the oral argument and consider the motion solely upon the materials submitted by Plaintiff. On February 10, 2005, the Court issued a Notice cancelling the oral argument set for March 3, based upon Defendants' failure to file a response.

The Sixth Circuit has held that in a case such as this, where the non-moving party has failed to respond,

> a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).  See also Guarino v. Brookfield Township Trustees, 980 F.2d 399, 404 (6th Cir. 1992) (noting that where the nonmoving party has not responded a court's reliance on facts advanced by the movant is proper and sufficient).

Plaintiff, Selenthia Williams ("Williams"), filed her complaint on April 15, 2004, alleging that Defendants violated the Fair Housing Act by discriminating against her on the basis of familial status.  Williams also alleged a claim under the Michigan Elliott-Larsen Civil Rights Act under the Court's supplemental jurisdiction.  In the instant motion, Plaintiff presents evidence establishing her Fair Housing Act claim and requests that the Court decline to exercise supplemental jurisdiction over her Elliott-Larsen claim because that claim is largely duplicative of the Fair Housing Act claim.

Chestnut Hills Apartments is an apartment complex located in Portage, Michigan.  Defendant Chestnut Hills Limited Partnership ("CHLP") owns Chestnut Hills Apartments, and Defendant Oosterbaan owns, or is one of the owners of, CHLP.  On the dates relevant to this action, Dawn Kornetti ("Kornetti") managed the apartment complex.

On April 5, 2003, Williams went to Chestnut Hills Apartments to inquire about the availability of an apartment.  A leasing agent, who Williams recalls being named "Carrie," filled out an intake form containing information on Williams, including that Williams had a daughter and was interested in renting a one bedroom apartment.  On April 7, 2003, Kornetti called Williams and told her that Chestnut Hills would not allow Williams and her daughter to live in a one room apartment because it was against company policy.  Kornetti indicated that Williams would have to rent a two bedroom apartment but noted that Williams barely earned enough to qualify for a two bedroom apartment.  Williams insisted that she was interested in a one bedroom apartment, but Kornetti responded, "not on these grounds," and hung up on Williams.

The following day, Williams went to see Kornetti in person. When Williams asked Kornetti to show her the policy prohibiting a parent with one child from renting a one bedroom apartment, Kornetti refused to do so. Kornetti again told Williams that she would not be allowed to rent a one bedroom apartment because of the company's policy against renting a one bedroom apartment to a parent with a child.

In her deposition, Kornetti could not specifically recall any interaction with Williams, but she acknowledged that Chestnut Hills Apartments had an unwritten policy that an adult with a child could not rent a one bedroom apartment. (Kornetti Dep. at 15.) She further stated that she was not denying that the events Williams described actually happened and that she would have advised an applicant such as Williams about the policy. (Id. at 16-17.) Further evidence regarding the policy was obtained through testers for the Partnership for Fair Housing for Southwestern Michigan, who were told by Chestnut Hills Apartments that they could not rent a one bedroom apartment for themselves and a child. (Dudek Dep. at 6-13, 18; Buchanon Dep. at 6-7.)

Williams alleges that Defendants' policy violates Sections 3604(a) and 3604(c) of the Fair Housing Act. It is unlawful under § 3604(a):

> To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(a). Pursuant to § 3604(c), it is unlawful

> To make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination.

42 U.S.C. § 3604(c).  Section 3604(c) applies to both written and oral statements.  24 C.F.R. § 100.75(b).  The Act defines "familial status" as one or more child (who has not attained the age of 18 years) living with a parent or legal guardian.  42 U.S.C. § 3602(k)(1).

In this case, Williams has presented evidence, which is undisputed, showing that Defendants had in place an unwritten policy that a parent with a child would not be permitted to rent a one bedroom apartment at Chestnut Hills Apartments.  Kornetti testified that there was a policy in place at the time Williams inquired about a one bedroom apartment at Chestnut Hills Apartments and that she assisted Oosterbaan in formulating the policy.  Additional factual support comes from the results obtained by the testers sent to Chestnut Hills Apartments.  Finally, Williams testified that Kornetti identified this policy and specifically applied it to Williams on two separate occasions.

Courts have held that rules based upon familial status, such as the one at issue here, are discriminatory and violate both § 3604(a) and § 3604(c).  See Reeves v. Rose, 108 F. Supp. 2d 720, 727 (E.D. Mich. 2000) (holding that evidence of a policy of only one child per apartment constituted evidence of familial discrimination); United States v. Garden Homes Mgmt. Corp., 156 F. Supp. 2d 413, 424 (D.N.J. 2001) (concluding that evidence regarding a preference of renting only ground floor apartments to families with small children was sufficient to demonstrate discrimination in a pattern and practice case); Fair Hous. Cong. v. Weber, 993 F. Supp. 1286, 1291 (C.D. Cal. 1997) (concluding that the plaintiffs were entitled to summary judgment on their claim that a rule which limited the use of apartment facilities by children was facially discriminatory); Villegas v. Sandy Farms, Inc., 929 F. Supp. 1324, 1329 (D. Or. 1996) (holding that summary judgment in favor of the plaintiffs was appropriate where rule providing for "no families with children regardless of size" in

small cabins violated the Fair Housing Act by refusing to rent or make available a dwelling based on familial status).

The policy in this case against renting a one bedroom apartment to a parent with a child violates the Fair Housing Act because it impermissibly discriminates on the basis of familial status. Accordingly, Williams is entitled to summary judgment on her Fair Housing Act claim.

The remaining issue is whether the Court should exercise supplemental jurisdiction over Williams' Elliott-Larsen claim. Because Williams has requested that the Court decline to exercise its jurisdiction over that claim, and Defendants have not objected, the Court will dismiss the Elliott-Larsen claim without prejudice. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Summary Judgment (docket no. 25) is **GRANTED**. Defendants' liability for violating the Fair Housing Act, 42 U.S.C. §§ 3604(a) and 3604(c), has been established as a matter of law, and the only remaining issue is damages.

**IT IS FURTHER ORDERED** that Plaintiff's claim under the Elliott-Larsen Civil Rights Act (Count II) is **dismissed without prejudice**.


Dated: March 3, 2005                             /s/ Gordon J. Quist
                                          GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE