UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

SELENTHIA WILLIAMS

    Plaintiff,

v.                                                                                            Case No. 4:04-CV-56

AMERICAN HOMESTEAD                                              HON. GORDON J. QUIST
MANAGEMENT, CHESTNUT HILLS
LIMITED PARTNERSHIP d/b/a
Chestnut Hills Apartments, and
JOHN OOSTERBAAN.

    Defendants.
_____/

**OPINION REGARDING DAMAGES, ATTORNEY FEES, AND COSTS**

    Plaintiff, Selenthia Williams ("Williams"), alleges in this case that Defendants violated the Fair Housing Act by discriminating against her on the basis of familial status. On March 3, 2005, the Court issued a Memorandum Opinion and Order granting summary judgment to Williams on the issue of liability. On April 25, 2005, the Court conducted a bench trial on the issue of damages in lieu of a final pretrial conference. Following the bench trial, Williams submitted a motion for attorney's fees and costs, as directed by the Court. The Court's findings of fact and conclusions of law regarding damages, attorney's fees, and costs are set forth below.

**I. Damages**

**A.**  **Economic Damages**

    Williams requested economic damages for the following items: (1) the difference in rent for the one bedroom apartment at Chestnut Hills and the one bedroom apartment at Millwood

Apartments, where Williams rented after being rejected by Defendants; (2) the increased mileage from Millwood Apartments to Williams' place of employment; (3) costs of obtaining transportation for her daughter; and (4) an additional month's rent at Greenspire Apartments (Williams' former residence) as a result of Defendants' rejection.

Based upon the evidence presented, the Court finds that Williams is entitled to recover $900 as the difference in rent between the apartment at Millwood Apartments and the apartment at Chestnut Hills. The Court also concludes that Williams is entitled to recover $1,100 for increased mileage expense.[1] In addition, the Court concludes that Williams is entitled to recover $635 for an additional month's rent at Greenspire Apartments because Williams could have given thirty days notice and moved out by the end of May 2003, if Defendants had not refused to rent to her. Finally, the Court will award Williams $300 for the expense that she incurred for transportation for her daughter.[2]

**B.      Emotional Distress**

An award of actual damages pursuant to 42 U.S.C. § 3613(c)(1) may include damages for emotional distress and humiliation. See Steele v. Title Realty Co., 478 F.2d 380, 384 (10th Cir. 1973); Armbruster v. Monument 3: Realty Fund VIII Ltd., 963 F. Supp. 862, 865 (N.D. Cal. 1997). Based upon Williams' testimony, the Court concludes that Williams suffered humiliation and emotional distress as a result of Defendants' rejection. The Court concludes that an award of $5,000 is appropriate for the circumstances in this case.

---

[1] At trial, Williams' counsel requested an award of $1,201 for mileage based upon 11.2 miles x 6 days per week x .36¢ per mile x 50 weeks. The Court concludes that a reduction is appropriate because the Court finds that Williams did not work six days per week for the entire year.

[2] The Court declines to award the entire $585 Williams' counsel requested because the Court finds that Williams overstated the frequency of the need for transportation as a result of Defendants' rejection.

**C.     Punitive Damages**

Punitive damages may be awarded in a Fair Housing Act case. See 42 U.S.C. § 3613(c)(1). The Sixth Circuit applies the standard from Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625 (1983), and Kolstad v. American Dental Association, 527 U.S. 526, 119 S. Ct. 2118 (1999) (dealing with punitive damages in § 1983 cases and Title VII cases), to punitive damage awards under the Fair Housing Act. See Preferred Props., Inc. v. Indian River Estates, Inc., 276 F.3d 790, 799 (6th Cir. 2002). Under that standard, a trier of fact may award punitive damages when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. Id. A plaintiff need not show that a defendant's conduct was egregious. Id. at 800. The Court concludes that this standard has been met in this case. The evidence showed that Defendants had maintained the illegal policy at issue in this case for a number of years, even though there was ample reason for Defendants to know that their policy was contrary to law. Defendant Oosterbaan testified that he adopted the policy against renting a one-bedroom apartment to an adult and a minor because such circumstances could lead to improper or abusive conduct. The Court finds that the reasons behind the policy were sincere and that Defendant Oosterbaan was not motivated by an evil intent and did not act with callous indifference to Williams' federally-protected rights. However, because the illegality of the policy should have been apparent to Defendants, the Court concludes that Defendants acted with recklessness towards Williams' federally-protected rights in adopting and enforcing the policy. Accordingly, the Court finds that an award of $5,000 in punitive damages is appropriate in this case.

## II. Attorney's Fees and Costs

**A.     Attorney's Fees**

Pursuant to 42 U.S.C. § 3613(c)(2), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs."  Because Williams has received actual relief on the merits of her claim, she is a prevailing party.  See Farrar v. Hobby, 506 U.S. 103, 112-14, 113 S. Ct. 566, 573-74 (1992).  Although the statute indicates that a court has discretion to award fees, "that discretion is not without limit: the prevailing party 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'"  Blanchard v. Bergeron, 489 U.S. 87, 89 n.1, 109 S. Ct. 939, 942 n.1 (1989) (quoting Newman v. Piggie Park Enters., Inc., 390 U.S. 400, 402, 88 S. Ct. 964, 966 (1968) and discussing the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988).  See also Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 417, 98 S. Ct. 694, 698 (1978) ("A plaintiff who prevails under a civil rights statute that contains a fee-shifting provision 'ordinarily is to be awarded attorneys fees in all but special circumstances . . . '.") (citation omitted) (construing Title VII of the Civil Rights Act of 1964).  The Court finds no reason in this case to deviate from the general rule requiring a fee award to the prevailing party.

In applying the fee-shifting provision under the Fair Housing Act, courts apply the standards developed under the Civil Rights Attorney's Fees Awards Act of 1976.  See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources, 532 U.S. 598, 602-03 & n.4, 121 S. Ct. 1835, 1839 & n.4 (2001).  The starting point in the determination of a reasonable attorney's fee is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  See Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)).

Hours that are duplicative, excessive, or otherwise unnecessary should be excluded from the initial fee calculation. Hensley, 461 U.S. at 434, 103 S. Ct. at 1939-40. After determining the loadstar figure, a court should determine whether the fee should be adjusted in light of the results obtained. Id. at 434, 103 S. Ct. at 1940. The party seeking an award of fees has the burden of proving that her request is reasonable. See Perry v. Keulian, No. Civ. A. 96-1374, 1997 WL 459971, at *1 (E.D. Pa. July 25, 1997) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

In support of Williams' request for attorney's fees, Williams' counsel has submitted a statement of the work performed describing the work and the time spent on each task. In addition, Williams' counsel has submitted an affidavit stating that all of the described work was performed on this case and that he kept contemporaneous time records. Williams seeks a total fee award of $10,850, based upon 62 hours of work at the rate of $175.00 per hour.

With regard to the hourly rate, the Supreme Court has held that the rates to be used in calculating the lodestar are those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 & n.11, 104 S. Ct. 1541, 1547 & n.11 (1984). Generally, if the opposing party does not challenge the movant's counsel's requested rate, the requested rate is reasonable and should be awarded. See People Who Care v. Rockford Bd. of Educ. Sch. Dist. No. 205, 90 F.3d 1307, 1313 (7th Cir. 1996). Defendants have not objected to the $175 hourly rate charged by Williams' counsel, Mr. Piper. Based upon awards in other civil rights cases, its familiarity of rates for similar work in the community, and Defendants' failure to challenge the requested rate, the Court concludes that an hourly rate of $175 is reasonable.

The next issue is whether the requested hours were reasonably incurred. The Court has reviewed the fee statement submitted by Williams' counsel and concludes that the hours spent on

each item of work were reasonable and necessarily incurred for the successful prosecution of the litigation. Moreover, the total time spent on the litigation, 62 hours, is entirely reasonable.

Defendants contend that the number of hours should be limited to the time spent preparing the complaint; attending various depositions on August 12, 13, and 24, 2004; attending the settlement conference; preparing interrogatory answers; attending the damages hearing; and traveling to Grand Rapids. Defendants fail to take into account time the Mr. Piper spent on preparing the joint status report; attending the Rule 16 conference; preparing initial disclosures; preparing for depositions; preparing a motion for summary judgment; preparing a motion to obviate service and proposed orders; and meeting with clients. Defendants fail to explain why fees should not be awarded for many of these tasks, although they suggest that the motion for summary judgment was unnecessary because Defendants stipulated to liability. This is simply not true, and the Court knows better. In paragraph three of his motion for summary judgment, Mr. Piper stated that he had asked both Defendant Oosterbaan and his counsel whether Defendants would agree to stipulate to summary judgment on liability. Mr. Piper further stated that he never heard back from either Defendant Oosterbaan or his counsel. Furthermore, on January 31, 2005, the Court issued an Order instructing Defendants to respond to Williams' motion for summary judgment by February 7, 2005 (thus giving Defendants additional time to respond beyond the time allowed by the local rules). Defendants never filed a response, never contacted the Court to let it know that the parties were stipulating to summary judgment, and never filed a stipulation to that effect. If Defendants did in fact stipulate to liability, this Court wasted its time preparing a written opinion on the motion. Defendants also contend that the Court should take into account the amount of provable damages, $1,000-$2,000, in determining the amount of fees to be awarded. Although Williams' total economic damages are only $2,935, the Court has awarded her $5,000 for emotional distress and humiliation and another $5,000 for punitive

damages. Even considering economic damages alone, the Court concludes that the requested fee is consistent with the work required to obtain the result. Accordingly, the Court concludes that Williams is entitled to recover the requested fee amount of $10,850 without further adjustments.

**B.     Costs**

Williams also seeks to recover $671.23 in costs for the filing fee, service fee, certified mail, deposition transcripts, copying charges, postage, and parking. Many of these expenses, such as the filing fee, service fee, deposition transcripts, and copying charges, are recoverable under the general costs statute, 28 U.S.C. § 1920. See Arrambide v. Wal-Mart Stores, Inc., No. 006272, 2002 WL 531137, at *3 (6th Cir. Apr. 4, 2002) (holding that private process server fees and deposition transcript fees are taxable as costs under § 1920); Jordan v. Vercoe, No. 91-1671, 1992 WL 96348, at *1 (6th Cir. May 7, 1992) (holding that copying charges are taxable). In addition, under the fee-shifting statute applicable in this case, the Court may award reasonable out-of-pocket expenses normally charged to a fee-paying client. See Tsombanidis v. City of West Haven, 208 F. Supp. 2d 263, 286 (D. Conn. 2002). Expenses for items such as certified mail and parking that do not fall within the costs statute are the types of expenses normally charged to a fee-paying client. Accordingly, the Court concludes that Williams is entitled to recover all of her requested costs under 28 U.S.C. § 1920 and/or 42 U.S.C. § 3613(c)(2).

### III. Conclusion

In sum, the Court will award Williams $12,935 in damages, $10,850 in attorney's fees, and $671.23 in costs.

An Order and Judgment consistent with this Opinion will be entered.

Dated: May 11, 2005                                             /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                          UNITED STATES DISTRICT JUDGE